614 So.2d 670 (1993)
Jerry WYSONG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0189.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
BRESCHER, GEORGE A., Associate Judge.
Jerry Wysong, the defendant in the criminal action below, entered no contest pleas to marijuana and paraphernalia charges and reserved the right to appeal the trial court's denial of his motion to suppress. We affirm.
The investigating police officers in this case came to Wysong's home in order to investigate a tip from an informant that Wysong was growing marijuana on his property. The home was at the end of a dirt road and there were one or more "No Trespassing" signs on the road as well as a "No Trespassing" sign on a tree in front of Wysong's house. The officers saw the signs on the road, but do not remember whether they saw the sign on the tree in front of the house. The officers approached the front door of the home through the unfenced front yard and knocked on the door where they were received by a female who stated she lived in the home. The evidence presented at the motion to suppress also indicated the officers fully explained to the female why they were there and the information they received that there was marijuana on the premises. The female denied the presence of any marijuana but nonetheless voluntarily allowed the officers to come into the home and then into the backyard where the illegal substance was found. The female testified she was aware that she could have required the presentation of a warrant before allowing the officers to enter the property, but voluntarily let them into the house because she saw no point in continuing to lie to them. The officers did not *671 advise the female that she had the right to refuse them admittance into the home.
We find that it was reasonable for the officers in this case to investigate the informant's tip of ongoing criminal activity. The issue then presented is whether the officers' approach to the front door of the home and the knocking on that door constituted an illegal entry upon that property because of the display of the "No Trespassing" sign. We find that it does not. The defendant contends the "No Trespassing" sign posted in the front yard was a visible effort to establish a zone of privacy and accordingly was entitled to protection under the Fourth Amendment of the United States Constitution. It has been held that there is no reasonable expectation of privacy in the threshold area of the home. See United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). "No Trespassing" signs do not render a doorway to be a constitutionally protected area. Neither thresholds nor open fields are within the scope of the Fourth Amendment. See Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). In this instance the unfenced front yard was equivalent to an open field through which the officer passed to get to the threshold front door. Also our sister court in the second district has recently opined in State v. Sarantopoulos, 604 So.2d 551 (Fla. 2d DCA 1992):
Further, in Oliver, the majority of the Supreme Court rejected Justice Marshall's desire to adopt a rule that "[p]rivate land marked in a fashion sufficient to render entry thereon a criminal trespass under the law of the State in which the land lies is protected by the Fourth Amendment." Oliver, 466 U.S. at 195, 104 S.Ct. at 1750.
Id. 604 So.2d at 555.
Accordingly, the judgment appealed from is affirmed.
STONE, J., and OWEN, WILLIAM C. Jr., Senior Judge, concur.